UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FERNANDO REYNOSO-LUCAS, | Case No. 07-13905 |
| | Criminal Case No. 06-20255 |
| Petitioner, | |
| v. | Gerald E. Rosen |
| | United States District Judge |
| UNITED STATES OF AMERICA, | |
| | Michael Hluchaniuk |
| Respondent. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION
PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE (Dkt. 12)**

**I.     PROCEDURAL HISTORY**

On May 5, 2006, a criminal complaint was filed alleging that petitioner, Fernando Reynoso-Lucas, had re-entered the United States without the permission of the Attorney General of the United States after previously being deported, in violation of 8 U.S.C. § 1326(b)(2).  (Dkt. 1).  Petitioner was provided with an initial appearance on that date.  Counsel was appointed and a detention hearing was held on May 9, 2006, which resulted in petitioner consenting to detention pending trial.  (Dkt. 3).  Petitioner was indicted on May 12, 2006, and charged with the same offense as had been alleged in the complaint.  (Dkt. 6).

Petitioner entered a guilty plea, without a Rule 11 plea agreement, to the charge in the indictment on June 19, 2006. The sentencing took place on September 20, 2006, and the judgment was entered on October 17, 2006. (Dkt. 10). No direct appeal was taken from the judgment.

The above-entitled motion was filed on September 17, 2007. (Dkt. 12). The government filed a response opposing petitioner's motion and the petitioner filed a reply. (Dkt. 16, 17). The case was originally referred to Magistrate Judge Steven D. Pepe and on January 14, 2008, the case was reassigned from Judge Pepe to the undersigned. (Dkt. 18).

## II.     FACTUAL BACKGROUND

Given the issues raised by petitioner, the underlying facts are not of great significance. However, it would appear from the pleadings that petitioner, an alien, was deported from the United States in February of 2004 and was later found in the United States, having re-entered without permission of the Attorney General, on or about May 1, 2006. Petitioner was sentenced on September 20, 2006, based on his guilty plea, to 96 months custody. (Dkt. 10).

### III. PETITIONER'S CLAIMS AND RESPONSE OF GOVERNMENT

While somewhat difficult to decipher, petitioner's motion to vacate appears to claim that the statute under which he was convicted by his guilty plea was not "enacted" into a "positive law, and signed by the President." (Dkt. 12). Petitioner's argument in the motion to vacate seems to be directed specifically to § 1326(b)(2), but in the reply to the government response petitioner generally alleges that § 1326 was "never enacted into law." (Dkt. 17).

In the response of the government several defenses are raised. The government asserts: (1) that petitioner has waived collateral attack on the conviction by virtue of his guilty plea; and (2) that issues not raised in direct appeal cannot be raised in a motion to vacate without demonstrating cause for not raising the issue and prejudice resulting from the failure to do so. The government further argues that the only exceptions to the cause and prejudice requirement are ineffective assistance of counsel and lack of jurisdiction. With respect to a claim of ineffective assistance of counsel, the government contends that petitioner cannot claim ineffective assistance of counsel where he has pleaded guilty and has not stated that he would not have pleaded guilty but for the constitutional

ineffectiveness of his attorney. With respect to the jurisdictional claim, the government contends that it is frivolous.[1] (Dkt. 16).

In his reply to the government's response, petitioner repeats his claim that § 1326 was not properly enacted and asserts that, because "all procedures under 1326 [are] void" the issue of ineffective assistance of counsel is "simply irrelevant." (Dkt. 17, p. 3). Petitioner had initially faulted his attorney for, apparently, not objecting to his prosecution under § 1326 for the reasons petitioner raises in his motion but, in his reply, petitioner, without elaboration, stated that his attorney "never proceeded as a defense attorney." Petitioner never affirmatively stated that he would not have pled guilty but for the actions of his attorney. Petitioner's reply appears to indicate that he is relying solely on the jurisdictional

---

[1] The basis of the government's claim that petitioner's jurisdictional claim is frivolous differs from the undersigned's view on that claim although, as subsequently indicated, the result is the same. The government addressed an issue mentioned in petitioner's reply (Dkt. 17, p. 2) relating to the "legal authority" of Congress to pass a "fake law which also is a fraud." The undersigned does not view this unsupported claim, in a reply, as properly challenging the constitutionality of § 1326. Rather, the use of terms such as "fake" and "fraud" in this context indicates this argument is merely an extension of petitioner's argument that § 1326 was not properly enacted as a "positive law." To the extent this does raise an issue regarding the constitutional authority of Congress to pass a law of this type, the claim has no merit. *United States v. Ruiz-Chairez*, 493 F.3d 1089, 1091 (9th Cir. 2007).

claim that § 1326 was not "enacted" into a "positive law" as the basis for his motion to vacate.

IV.  **ANALYSIS**

    A.    <u>Waiver Based on Guilty Plea</u>

In order to prevail on a § 2255 motion, a petitioner must show a "'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. U.S.*, 21 F.3d 107, 109 (6th Cir. 1994). Based on a concern with the finality of a conviction, there are limitations on what issues will be reviewed on collateral attack and that concern is heightened where the conviction is based on a guilty plea. *Bousley v. United States*, 523 U.S. 614, 621 1998). "'It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.'" *Id.*, quoting, *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). The present record reflects that petitioner pleaded guilty to the charge in the indictment and petitioner has not argued that his plea was involuntary or unknowing. Additionally, while petitioner has criticized his attorney in his pleadings, petitioner has not demonstrated that his

attorney was constitutionally ineffective and, therefore, the present claim is waived by virtue of petitioner's guilty plea.

B. Procedural Default

Additionally, and regardless of whether there had been a guilty plea, "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Id*., quoting, *Reed v. Farley*, 512 U.S. 339, 354 (1994). Where a habeas petitioner did not raise an issue on direct appeal that petitioner has procedurally defaulted on that claim and it may only be raised on habeas where the petitioner can show: (1) cause for not raising the issue on direct appeal and actual prejudice arising from the issue not being raised; or (2) that he or she is actually innocent (defined as factual innocence not mere legal insufficiency). *Id*. at 622-24. Petitioner has not claimed actual innocence of the charge to which he pleaded guilty; he has not shown how he was prejudiced by this claimed error; and he has not shown any justifiable cause for not raising the issue on direct appeal. Petitioner made generalized disparaging remarks about his attorney, but he did not allege any specific errors attributable to the lawyer that would allow for any

analysis of the attorney's conduct such that it could be determined if errors on the part of the attorney constituted "cause" for not raising this claim on direct appeal.[2]

An attorney's conduct could constitute cause for not raising an issue on direct appeal if the conduct amount to constitutionally ineffective assistance of counsel. However, claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-prong test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable effect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have

---

[2] As indicated earlier, petitioner stated in his motion to vacate that his attorney had not objected to what could be viewed as petitioner's prosecution under § 1326 (although it is not entirely clear) and in his reply to the government's response to his petition, petitioner alleged that his attorney "never proceeded as a defense attorney" but petitioner did not make any more specific allegations of error by the lawyer. (Dkt. 17, p. 3).

been favorably different.  *Id*. at 693.  Failure to make the required showing under either prong of the *Strickland* test defeats the claim.  *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  . . .  Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

In the context of a conviction based on a guilty plea, the concept of "prejudice" requires that a petitioner "'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and

instead would have insisted on going to trial.'" *Short v. United States*, 471 F.3d 686, 691-92 (6th Cir. 2006), quoting, *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Petitioner has failed to demonstrate that cause exists such that his failure to raise this issue on direct appeal should be excused under these circumstances. The only possible reason that could be gleaned from the record for failing to raise the issue on direct appeal is the conduct of counsel, but petitioner does not even allege any actual deficiency and, in fact, dismisses the government's argument in this regard as "irrelevant." (Dkt. 17, p. 3).[3] Having failed to demonstrate cause and prejudice for not raising the issue in the district court or on appeal, petitioner is deemed to have procedurally defaulted on the issue and his motion to vacate should be dismissed on that basis.

C. <u>Jurisdictional Claim</u>

Petitioner's core claim is that he was convicted under a statute that was not properly enacted. Such a claim, if true, would relate to the subject matter

---

[3] If petitioner's argument with respect to the performance of his attorney is that his attorney should have objected to petitioner's prosecution under § 1326, it is clear than an attorney is not required to object based on a frivolous claim. *Goldsby v. United States*, 152 Fed.Appx. 431, 438 (6th Cir. 2005). As subsequently determined, petitioner's claim relating to § 1326 is frivolous and, therefore, his counsel's failure to object to prosecution under that section of federal law on that basis does not constitute constitutional ineffective assistance of counsel.

jurisdiction of the court and that type of claim is reviewable because subject matter jurisdiction is not subject to waiver. *United States v. Titterington*, 374 F.3d 453, 459 (6th Cir. 2004). However, the claim falls short because it is not supported by anything other than the bare conclusion that 8 U.S.C. § 1326 "never was enacted into law." (Dkt. 17, p. 1). Admittedly, *pro se* pleadings are to be liberally construed, but there are limits. *Estelle v. Gamble*, 429 U.S. 97, 106-07 (1976). These allegations with respect to § 1326 are merely conclusions, not facts, and therefore, no hearing is necessary to determine that petitioner is not entitled to relief based on these allegations. *Arredondo v. U.S.*, 178 F.3d 778, 782 (6th Cir. 1999). "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. ... It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." *Newton v. Kentucky State Police*, 2009 WL 648989 (E.D. Ky. 2009), quoting, *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990).

    Petitioner's argument regarding § 1326 refers initially to § 1326(b)(2) not being "enacted as positive law" (Dkt. 12, p. 3) and later, more generally, refers to the entire § 1326 not being "enacted into law." (Dkt. 17, p. 1). In either case,

petitioner has cited nothing to support his argument and the motion could be dismissed without further analysis. Moreover, the claim that 8 U.S.C. § 1326 was not enacted into "positive law" and, therefore, the court has no jurisdiction, is a frivolous claim even when examined on the merits. Petitioner's argument confuses the concepts of what is federal law and what is a "positive law." It is clear that 8 U.S.C. § 1326 is an existing code section of the federal law. This section was originally enacted as a federal law in 1952. 66 Stat. 229, Pub.L. 414, Ch. 477, § 276. While it has been amended a number of times since its initial enactment, as indicated in the United States Code, it remains a part of the federal code and was so at the time of petitioner's conviction. The United States Code is "prima facie" evidence of the law. 1 U.S.C. § 204(a). However, the Statutes at Large are "legal evidence of laws." 1 U.S.C. § 112.[4] Once Congress enacts a title of the federal code as "positive law," the text of the Code, as opposed to the Statutes at Large, provides "legal evidence of the laws." 1 U.S.C. § 204(a); *see also United States National Bank of Oregon v. Independent Insurance Agents of*

---

[4] If conflicts arise between the wording of the United States Code and the Statutes at Large, the Statutes govern. *LaCrosse v. Commodity Futures Trading Comm'n*, 137 F.3d 925, 927, n. 1 (7th Cir. 1998). This same reference includes a historical perspective on "positive law" which is helpful in understanding some of the concepts related to that subject.

Report and Recommendation
28 U.S.C. § 2255 Motion
*Reynoso-Lucas v. U.S.*; Nos. 06-20255, 07-13905

*America*, 508 U.S. 439, 448-49 (1993).  In order for the terms of a statute to be enacted into "positive law," Congress must specifically approve the language of the codification pursuant to the function of the Office of the Law Revision Counsel as authorized by 2 U.S.C. § 285b(1).[5]  *Henriquez v. United States*, 2003 WL 21242722, *2 n. 2 (S.D.N.Y. 2003).  It would appear that petitioner is correct at least to the extent that Title 8 has not been enacted into "positive law" under the provisions of § 285b(1).  However, "Congress's failure to enact a title into positive law ... does not render the underlying enactment invalid or unenforceable."  *Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985).  Title 21, like Title 8, has not been enacted into "positive law," as that concept is contemplated by 1 U.S.C. § 204(a), just as many other titles of the federal code have not been, and that lack of action by Congress does not result those sections of the federal code being unenforceable.  *Henriquez*, 2003 WL 21242722, *2 n. 2.  Petitioner's claim that the statute he was convicted under, 8 U.S.C. § 1326, is "void," is frivolous and his motion to vacate should be denied on that basis.

---

[5] The process of enacting existing sections of the federal code as "positive law" under 2 U.S.C. § 285b(1) involves removing "ambiguities, contradictions, and other imperfections both of substance and of form."  2 U.S.C. § 285b(1).

## V.     RECOMMENDATION

Accordingly, the undersigned concludes that, based on the existing record, petitioner has not demonstrated that there was a "'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process" and **RECOMMENDS** that petitioner's motion, therefore, be denied.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response must not exceed 20 pages in length unless such page limit is extended by the Court. The response must address specifically, and in the same order raised, each issue contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Date:  June 4, 2009
                                            s/Michael Hluchaniuk
                                            Michael Hluchaniuk
                                            United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Kevin M. Mulcahy, AUSA, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Fernando Reynoso-Lucas, ID# 25301-077, TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION, Post Office Box 33, Terre Haute, IN 47808.

                                            s/Darlene Chubb
                                            Judicial Assistant