**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FERNANDO REYNOSO-LUCAS,

        Petitioner,               No. 07-cv-13905
                                          Crim. Case No. 06-cr-20255
                                          Hon. Gerald E. Rosen
vs.                                          Mag. Michael Hluchaniuk

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DENYING
PETITIONER'S MOTION UNDER 28 U.S.C. § 2255**

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on       March 25, 2010     

        PRESENT:  Honorable Gerald E. Rosen
                                Chief Judge, United States District Court

On June 4, 2009, Magistrate Judge Michael Hluchaniuk issued a Report and Recommendation ("R & R") recommending that the Court deny Petitioner Fernando Reynoso-Lucas's motion under 28 U.S.C. § 2255 to vacate his sentence. Petitioner filed objections to the R & R on June 11, 2009.[1] Having reviewed the R & R and Petitioner's

---

[1] The timeliness of the objections is questionable. The R & R included a notice requiring objections to be filed within ten days, as provided by 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(3). Moreover, Local Rule 72.1(d)(2) mandates that a party must serve the magistrate judge with such objections. Here, Petitioner's objections were marked as filed by the Court Clerk on July 1, 2009, almost a month after the R & R was issued, though Petitioner signed a Certificate of Service indicating that "a true and correct copy of the foregoing was mailed this 11th day of June 2009 to Kevin Mulcahy, Ass. U.S.

objections, as well as the parties' submissions in support of and opposition to Petitioner's underlying § 2255 motion, the accompanying exhibits, and the record as a whole, the Court fully concurs in the Magistrate Judge's analysis, and finds no merit in Petitioner's objections. Thus, for the reasons stated briefly below, the Court adopts the Magistrate Judge's R & R as the opinion of this Court.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has held that "[o]verly general objections do not satisfy the objection requirement." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." Spencer, 449 F.3d at 725 (*quoting* Miller, 50 F.3d at 380).

Petitioner's first objection is that the Magistrate Judge was insufficiently lenient in evaluating Petitioner's jurisdiction arguments, as he is a *pro se* litigant. He argues that the Magistrate Judge did not "read Movant's motion in a way that includes all the necessary suggested issues." (Pet.'s Objections at 1.) This is overly general and thus

---

Attorney, United States Attorneys' Office, 600 Church Street, Flint, Michigan, 48502." (Pet.'s Objections at 2) (emphasis added). Had Petitioner mailed his objections to the Magistrate Judge on June 11, 2009, they would have been timely filed. However, as it stands there is no indication that Petitioner did anything more than mail a copy to opposing counsel and that such objections were not filed with the Court until several weeks later. Nevertheless, the Court will address the objections on the merits.

does not satisfy the objection requirement outlined above.  Petitioner does not point to specific issues that were overlooked or misconstrued.  Quite to the contrary, the R & R appears to have considered each facet of Petitioner's arguments, finding an insufficient legal or factual basis for each.  Petitioner's first objection is therefore overruled.

Petitioner's second "objection"—namely, that the sentence imposed was not reasonable—is essentially a reformulation of the grounds of his underlying § 2255 petition, without any effort to identify any infirmity in the Magistrate Judge's analysis of these issues.  Instead, Petitioner simply cites <u>United States v. Marron-Garcia</u>, 555 F.3d 1040, 1040 (8th Cir. 2009), in which an individual pled guilty to unlawfully reentering the United States after he was previously deported for an aggravated felony and received a sentence of 37 months' imprisonment.  By comparison, Petitioner pled guilty under the same statute and was sentenced to 96 months' imprisonment.  Petitioner now argues, on the basis of this case alone, that his sentence was unreasonable.  However, he fails to note that the Guideline calculations in <u>Marron-Garcia</u> were set at 37 to 46 months' imprisonment, based on an offense level of 21 and a criminal history category of I, <u>see id.</u>, while Petitioner's Guideline calculations were set at 77 to 96 months' imprisonment based on an offense level of 24 and a criminal history category of VI.  (Dkt. #9.) Petitioner does not explain why such factually distinct circumstances in a different sentencing should have dictated the outcome in his case.  Moreover, Petitioner does not dispute the accuracy of his Guideline range calculation.  Therefore, the Court finds that Petitioner has failed to provide any new argument or evidence that the sentence "was

imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," under 28 U.S.C. § 2255(a). This objection is accordingly without merit.

Petitioner's third and final objection—that his counsel performed deficiently by failing to file a notice of appeal from the sentence—is similarly unavailing. Although Petitioner vaguely criticized his attorney in his pleadings, he now argues more specifically that had his counsel filed a notice of appeal, Petitioner would have benefitted from the application of Gall v. United States, 552 U.S. 38, 128 S. Ct. 586 (2007), and his sentence would have been reversed and remanded. To make a successful claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984). Next, the defendant must show that his counsel's deficient performance prejudiced him in that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. The Supreme Court has emphasized that judicial review of a lawyer's performance should be "highly deferential." Id. The Sixth Circuit has further explained that "

> To establish prejudice, Petitioner must show a reasonable probability that, but for his attorney's errors, the proceedings would have produced a different result. Strickland, 466 U.S. at 694. When applying Strickland, if

4

> we can more easily dispose of an ineffective assistance claim based on lack
> of prejudice, we should follow that route. Watson v. Marshall, 784 F.2d
> 722, 726 (6th Cir.1985).

Ross v. United States, 339 F.3d 483, 492 (6th Cir. 2003).

Petitioner has failed to show that he was prejudiced by his counsel's failure to file a notice of appeal under Gall. In Gall, the defendant was convicted in U.S. District Court on his guilty plea of conspiracy to distribute ecstasy and was sentenced to 36 months of probation. Id. at 43-44. The government appealed, challenging the sentence, and the Eighth Circuit reversed and remanded for re-sentencing, holding that a sentence outside of the Sentencing Guidelines range must be supported by a justification that "is proportional to the extent of the difference between the advisory range and the sentence imposed." Id. at 44-45. The Supreme Court reversed this finding, rejecting "proportionality review" of non-guideline sentencing. Id. at 51. Instead, the Supreme Court held that the familiar abuse-of-discretion standard applies for appellate review of sentencing regardless of whether that sentence is inside or outside the Guidelines range. Id. In this case, Petitioner fails to establish how appellate review under the Gall decision would have resulted in a reversal and remand of the sentence. He has not alleged that the Guideline range was itself improper, that the Court failed to consider all the factors enumerated in 18 U.S.C. § 3553(a) to determine if they warrant adjusting the sentence, or that the sentence within that range was not justified. See id. at 49-50.

For all the foregoing reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's

June 4, 2009 Report and Recommendation **[Dkt. # 20]** is hereby ADOPTED by the Court.

IT IS FURTHER ORDERED that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 **[Dkt. # 12]** is DENIED.

SO ORDERED.


s/ Gerald E. Rosen
Chief Judge, United States District Court

Dated: March 25 2010


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 25, 2010, by electronic mail and to Fernando Reynoso-Lucas, #25301-077, Terre Haute Federal Correctional Institution, P.O. Box 33, Terre Haute, IN 47808 by ordinary mail.

s/Ruth A.Gunther
Case Manager
(313) 234-5137